[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 30, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14153

_____

BIA Docket No.  A79-436-962

YUE YING LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 30, 2005)

Before BIRCH and WILSON, Circuit Judges, and ROYAL[*], District Judge.

PER CURIAM:

_____

[*]Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

Yue Ying Liu, a native and citizen of China, appeals the Board of Immigration Appeals's ("BIA's") affirmance of an Immigration Judge's ("IJ's") decision denying her claims for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and Convention Against Torture ("CAT"). After arriving in the United States without documentation, Liu told an asylum officer that she was a Christian and had been persecuted because of her religion. However, in her subsequent asylum application, Liu listed her religion as "N/A," indicated that she had been persecuted for having three children, and said that she would be forcibly sterilized if she were repatriated. The IJ found that Liu's testimony was not credible, denied her application for asylum and withholding of removal under the INA and CAT, and permanently barred her from receiving any immigration benefits under the INA. The BIA affirmed the IJ's denial of asylum and withholding of removal, but reversed the IJ's decision insofar as it barred her from receiving future benefits. This appeal followed.

On appeal, Liu first argues that the IJ erred by refusing to credit her testimony. Liu concedes that she lied to the asylum officer, but contends that her testimony at the merits hearing was both internally consistent and consistent with her asylum application. Liu also contends that her testimony to the asylum officer should not be held against her because "inadequate translation was provided." In

her second assignment of error, Liu contends that, because she faces a high risk of "beatings or torture" if repatriated, the IJ erred by denying her claims for withholding of removal under the INA and CAT.[1]

## I. The Credibility Determination

In cases involving requests for asylum, we review only the BIA's decision except to the extent that the BIA expressly adopted the IJ's decision. Nreka v. United States Atty. Gen., 408 F.3d 1361, 1368 (11th Cir. 2005). Because the IJ made the determination that Liu's testimony was not credible and that she was not entitled to asylum or withholding of removal, our review will focus on the IJ's decision. See id.

To the extent that the decision below was based upon a legal determination, we review it de novo. See id. However, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B); 8 U.S.C. § 1252(b)(4)(B); accord Antipova v. United States Atty. Gen., 392 F.3d 1259, 1261 (11th Cir. 2004) (stating that an IJ's factual determinations must be upheld if they are supported by "reasonable, substantial, and probative evidence on the record considered as a whole"). When

---

[1] Because Liu has not argued on appeal that the IJ erred by failing to credit the photocopied documents which she submitted, she has waived any such argument. See Mohammed v. Ashcroft, 261 F.3d 1244, 1248 n.3 (11th Cir. 2001) (stating in an immigration case that arguments not made in a petitioner's brief are thereby waived).

the IJ accurately points to inconsistencies between an applicant's testimony and her previous statements, we will not substitute our own credibility determination for that of the IJ. D-Muhumed v. United States Atty. Gen., 388 F.3d 814, 819 (11th Cir. 2004). Furthermore, when an IJ makes a detailed finding that an alien's testimony is not credible, this determination, standing alone, may be sufficient to support the denial of asylum. See id.

An alien is eligible for asylum if such alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). In most cases, to demonstrate "refugee" status under the INA, an alien must show that she is outside of her country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A); accord Sepulveda v. United States Atty. Gen., 401 F.3d 1226, 1231 (11th Cir. 2005). However, Congress has also provided that any person who has been forced to undergo an abortion or sterilization, or who has a well-founded fear that she will be forced to undergo such a procedure in the future, is eligible for asylum. See INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The alien "carries the burden of proving statutory 'refugee' status." D-Muhumed, 388 F.3d at 818.

In the instant case, Liu originally told the asylum officer that she fled China because of religious persecution, but later claimed that she fled to avoid forced sterilization. Liu's argument that the asylum interview should be disregarded because of difficulties with the translation is without merit because she expressly said during the asylum interview that she understood the translator's questions. Furthermore, Liu's asylum application was not fully consistent with her testimony at the merits hearing. While Liu indicated in her application that she had not passed through any third countries on her way from China to the United States, she later testified that she had passed through Thailand and possibly Japan or Korea. Indeed, her asylum application was internally inconsistent because, despite saying she had not passed through any third country en route to the United States, it said that she left China approximately six months before her arrival in Miami. Given Liu's numerous inconsistent statements, the IJ's refusal to credit her testimony was not unreasonable. See INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B) (stating that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). Thus, because her testimony was not credible, and Liu does not claim on appeal that there was any other substantial evidentiary basis upon which she should have

received asylum, she has not carried her burden of proving that she had a reasonable fear of being sterilized or otherwise persecuted.

## II. Withholding of Removal

We apply the same standard of review to withholding of removal claims as to asylum claims. Nreka, No. 04-10009 man. op. at 14 (applying same standard of review to both types of claims). Accordingly, the IJ's conclusions of law are reviewed de novo while his findings of fact will be upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B); 8 U.S.C. § 1252(b)(4)(B); accord Antipova, 392 F.3d at 1261.

To obtain withholding of removal under the INA, an alien must prove it is more likely than not that, were she repatriated, her life or freedom would be threatened on account of a protected characteristic. Mendoza v. United States Atty. Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). To obtain withholding of removal under the CAT, an alien must show it is more likely than not that, were she returned, she would be tortured by or with the acquiescence of an official person. D-Muhumed, 388 F.3d at 819. Because the standard for obtaining withholding of removal under the INA or CAT is more stringent than the standard that applies to asylum claims, ineligibility for asylum generally precludes

withholding of removal.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1292-93, 1303 (11th Cir. 2001).

In the instant case, by denying Liu's asylum request, the IJ implicitly found that Liu had not demonstrated a reasonable fear of future persecution.  Because Liu did not carry her burden of showing that she had a reasonable fear of future persecution, it follows that she did not carry the higher burden of proving it is more likely than not that she will be persecuted or tortured if she is repatriated.  Accordingly, the IJ did not err by denying Liu's request for withholding of removal under the INA and CAT.

Having reviewed the parties' briefs and the record and found no error, we deny Liu's petition for review.

**PETITION DENIED.**